UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| TIMOTHY D. THOMAS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:24-CV-15-DCLC-CHS |
| EVON MAGUINUSS, LIZ HODGE, SHERIFF JACKIE MATHENY, JR., WARREN CO. SHERIFF DEPT., WARREN COUNTY DETENTION CENTER, CEVIN YORK, CHRISTAN LOPEZ, ZACH POSTHUMUS, HUNTER ROWLAND, ELMER GEORGE, TOMMY MAYNER, and CITY OF MCMINNVILLE, TN., | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate housed in the Warren County Jail, filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **DISMISS** the complaint for failure to state a claim upon which relief may be granted.

I.   **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and his accompanying trust fund account records that he cannot pay the filing fee in one lump sum. Accordingly, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly

income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING OF THE COMPLAINT

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, a pro se complaint must contain more than mere "labels and

2

conclusions, . . . a formulaic recitation of the elements," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). And while "[t]he plausibility standard is not akin to a 'probability requirement,'. . . it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations of Complaint**

On November 14, 2023, Plaintiff was transferred from the Warren County Jail to attend court [Doc. 2 p. 14]. Upon entering the courtroom, Officer Evon Maguinuss told Plaintiff to remove his kufi[1] [*Id.*]. When Plaintiff asked why, Officer Maguinuss responded, "The judge don't allow that crap wore in the courtroom!" [*Id.*]. Plaintiff then told Officer Maguinuss that she was violating his religious and constitutional rights, and she responded that she did not care [*Id.*]. Officer Maguinuss ordered Officer Elmer George to remove the kufi from Plaintiff's head, but he refused [*Id.*]. Then, Officer Maguinuss told Plaintiff he needed to allow one of the other inmates to remove the kufi, to which Plaintiff stated, "This is not right" [*Id.*]. Officer Liz Hodge told Plaintiff to remove the kufi immediately and go into the holding cell, to which Plaintiff responded, "Really!" [*Id.*]. After Plaintiff's reply, Maguinuss, Hodge, and an unidentified male officer "started their way" toward Plaintiff [*Id.*]. Fearing for his safety, Plaintiff removed the kufi and entered the holding cell [*Id.*]. When he entered the cell and took a seat, Officer Maguinuss opened the door and said, "I'm not scared of you Mr. Thomas. Do what you have to but we ain't scared!"

---

[1] A kufi "is a small, round, head covering with religious significance for Muslims." *Muhammad v. Lynaugh*, 966 F.2d 901, 902, n.1 (5th Cir. 1992).

3

[*Id.*]. Moments later, Officer George asked Plaintiff if he was okay, to which Plaintiff responded, "This is wrong[,] but yes and thank you" [*Id.*]

Aggrieved by these events, Plaintiff filed this § 1983 action alleging he has been subjected to a civil conspiracy involving "guard brutality or harassment[;], unsafe cell or jail conditions; interference with practi[ci]ng of religion; inadequate food; racial, sexual, ethnic or religious discrimination; and placement in isolation without a hearing" in violation of (1) his Eighth Amendment right to be free from cruel and unusual punishment; (2) the Fourteenth Amendment; (3) the Free Exercise Clause; (4) the Establishment Clause; (5) the Religious Land Use Institutionalized Persons Act ("RLUIPA"); and (6) the Tennessee Constitution [*Id.* at 11, 12, 15, 17, 18]. Named as Defendants are Evon Maguinuss, Liz Hodge, Sheriff Jackie Matheny, Jr., Cevin York, Christian Lopez, Zach Posthumus, Hunter Rowland, Elmer George, the City of McMinnville, Tennessee, the Warren County Sheriff's Department, and the Warren County Detention Center [Doc. 2 p. 2, 3–4]. All Defendants are sued in both their individual and official capacities for (1) $70 million in monetary damages for Plaintiff's "pain and suffering" and (2) "treatment and conditions to be improved" [*Id.* at 4, 19].

### C. Analysis

#### 1. Entity Defendants

Although Plaintiff has named the Warren County Sheriff's Department and the Warren County Detention Center as Defendants, neither are entities subject to suit under § 1983. *See, e.g., Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL

225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, these Defendants will be **DISMISSED**.

Both Warren County and the City of McMinnville, Tennessee, are subject to suit under § 1983, but their liability its limited to actions taken pursuant to their respective official policies or established customs. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Here, Plaintiff does not allege any facts that would allow a plausible inference that his rights were violated in association with an official policy or custom of Warren County or the City of McMinnville, and these Defendants will be **DISMISSED**.

And, to the extent Plaintiff sues all Defendants in their official capacities, he is suing the entities that employ them. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But under *Monell*, an entity "cannot be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Because Plaintiff has not alleged that his constitutional rights were violated due to municipal policy or custom, all official-capacity claims against Defendants will be **DISMISSED**.

 2. **Individual Defendants**

 a. **No Personal Involvement in Wrongdoing**

To state a viable § 1983 claim against a Defendant in his or her individual capacity, Plaintiff must allege that through their "own individual actions" each Defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff's complaint lacks any facts against Defendants Matheny, York, Posthumus, Rowland, Lopez, or Mayner, and therefore, he has not plausibly alleged that any of these Defendants personally violated his constitutional rights. These Defendants will be **DISMISSED**.

Additionally, the only allegations against Defendant Elmer George are that he refused Officer Maguinuss' command to remove Plaintiff's kufi, and he checked on Plaintiff in the holding cell [Doc. 2 p. 14]. Neither of these allegations suggest constitutional wrongdoing by Defendant George, and he will be **DISMISSED**.

And although Plaintiff alleges a civil conspiracy and that he has experienced unsafe conditions, inadequate food, brutality in violation of the Eighth Amendment, and placement in isolation without due process, he does not allege any facts to support these claims. Therefore, these conclusory allegations will be **DISMISSED**. *See Twombly*, 550 U.S. at 557 (holding "naked assertion[s]" of wrongdoing "without some further factual enhancement" fails to state a claim).

b.  **Defendants Maquinuss and Hodge**

This leaves Plaintiff's claims against Defendants Maquinuss and Hodge for harassment and the violation of his rights under the Equal Protection Clause, the Establishment Clause, the

Free Exercise Clause, RLUIPA, and the Tennessee Constitution.

### 1. Equal Protection Clause

Plaintiff claims that he has experienced a "denial of equal protection" [Doc. 2 p. 17]. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). Plaintiff's complaint does not provide a factual basis for an equal protection claim, because he does not allege that he is treated differently from other similarly situated prisoners. And "conclusory allegations of unconstitutional conduct" are insufficient to state an equal protection claim. *See Mosley v. Batts*, No. 19-5355, 2019 WL 8399882, at *2 (6th Cir. Nov. 19, 2019) (quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Accordingly, this claim will be **DISMISSED**.

### 2. Establishment Clause

The Establishment Clause of the First Amendment prohibits "the enactment of any law 'respecting an establishment of religion.'" *Maye v. Klee*, 915 F.3d 1076, 1084 (6th Cir. 2019) (citation omitted). Its "clearest command. . . is that one religious denomination cannot be officially preferred over another." *Id*. (citing *Larson v. Valente*, 456 U.S. 228, 244 (1982). A defendant violates the Establishment Clause when he "confers a privileged status on any particular religious sect or singles out a bona fide faith for disadvantageous treatment[.]" *Id.* (cleaned up) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 724 (2005)). Here, Plaintiff alleges only that he was forced to remove his kufi; he has not alleged any facts to indicate that any action taken by Defendants

7

Maguinuss or Hodge resulted in the preference (or disadvantage) of one religious group over another. Therefore, this claim will be **DISMISSED**.

### 3. Free Exercise Clause/RLUIPA

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . .prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia, Penn.*, 593 U.S. ___, 141 S. Ct. 1868, 1876 (2021). This right is not without limitations, however, because "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Accordingly, a prisoner's rights may be reasonably restricted to accommodate "legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Prisons must allow prisoners a reasonable opportunity to exercise their faith. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To establish a free exercise violation, Plaintiff must establish that (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations omitted). To be actionable, Defendants' infringement must place "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). And "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A burden is substantial where it (1) forces an individual to choose between following the tenets of his religion and foregoing governmental benefits or (2) places "substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Id.* at 734.

8

RLUIPA "applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)).

Although Plaintiff claims that Defendants have violated his religious rights, he does not advise the Court of his religious affiliation [*See generally* Doc. 2]. He alleges only that Defendants refused to allow him to wear a kufi to court proceedings. But Plaintiff does not set forth any facts from which the Court could plausibly infer that wearing a kufi during court proceedings is a religious practice, or that being forced to remove the kufi during the proceedings substantially burdened his observation of his faith. And Plaintiff does not otherwise allege that his kufi was confiscated or that he is prohibited from wearing his kufi at the Warren County Jail. Therefore, Plaintiff has not demonstrated that Defendants violated Plaintiff's rights under RLUIPA or the Free Exercise Clause by making him remove his kufi during court proceedings, and these claims will be **DISMISSED**.

### 4. Harassment

Plaintiff's claim of harassment is not cognizable in a § 1983 action. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue); *Faulkner v. Davidson Cty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies,* 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). Therefore, this claim will be **DISMISSED**.

### 5. State Law Claims

Plaintiff also alleges a negligent deprivation of his rights, and violation of the Tennessee Constitution [Doc. 2 p. 17]. But there is no private right of action for damages under the Tennessee Constitution. *See, e.g., Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). And, because the Court is dismissing all Plaintiff's federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Accordingly, Plaintiff's claims under Tennessee law will be **DISMISSED**.

### c. Absence of Physical Injury

Finally, Plaintiff claims that he is entitled to monetary damages for "pain and suffering in stress, anxiety[,] and mental, emotional[,] and physical damages" [Doc. 2 p. 19]. But under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, he cannot recover for "mental or emotional" injuries.

## III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff has failed to state a claim upon which relief may be granted, and all Plaintiff's federal claims are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

5. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are **DISMISSED** without prejudice; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge